UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

IN RE )
) Bankruptcy Case
CLAYTON SMITH and CRISTLE SMITH, ) No. 13-61627-tmr7
)
Debtors. ) MEMORANDUM OPINION

The Trustee filed a motion for authority to sell real property held by the estate free and clear of liens under 11 U.S.C. § 363(f).[1] Because the requirements of that provision have not been met, the Trustee's motion will be denied. My reasons follow.

## FACTS

Debtors filed bankruptcy under chapter 7, listing their real property with a value of $78,000. The property is subject to a first mortgage in favor of Bank of America Home Loans in the amount of $178,825.[2] The Trustee filed a Notice of Intent to Sell Real Property and a Motion for Authority to Sell Free and Clear of Liens, listing the property with a gross sales price of $68,500. Costs of the sale in the amount of $5,110 and allocation of insurance and taxes of $787.35 are to be paid from sale proceeds. Bank of America would be paid the amount of $62,602.65 from the proceeds of the sale, in full payment of its lien interest. In

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

[2] Debtors' schedules indicated a loan balance of $167,724, while the Trustee's Notice of Intent to Sell indicates the lien held by Bank of America at the higher amount.

MEMORANDUM OPINION-1

addition to the gross sales price and miscellaneous amounts, the buyer is to pay a "Trustee Fee" in the amount of $11,500, payable to the Trustee. Although served with the notice of intent to sell, Bank of America has not filed an objection to the sale. This case and two others in which the Trustee filed similar motions were consolidated for hearing by the Court. The other two matters were settled, leaving this as the sole case under review. A hearing was held for which the Trustee provided his memorandum in support and the matter was taken under advisement by the Court.

## DISCUSSION

Because § 363(f) deprives secured creditors of a significant right, Congress provided five narrow circumstances in which a debtor may sell property free of all liens:[3]

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interests;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in *bona fide* dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The Notice of Intent indicates that the Trustee relies on sections (2), (3), and (5) as authority for the sale free and clear of liens. We must therefore determine whether the requirements of any one of those three sections have been met.

A. Section 363(f)(2):

The Trustee argues that Bank of America's failure to object to the sale, after being given proper notice, should be viewed as consent. He cites to *FutureSource, LLC v. Reuters Ltd.,* 312 F.3d 281 (7th Cir. 2002) and several other opinions which so held. The court in *FutureSource* gave as its rationale that "[i]t could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the

---

[3] *See In re CDKP Development*, No. 12-06871, 2012 WL 5993219 (Bankr. E.D.N.C. Nov. 30, 2012).

MEMORANDUM OPINION-2

bankrupt's assets had to execute a formal consent before they could be sold." *Id.* at 285-86. It then went on to rule that the collateral attack on the bankruptcy court's order approving the sale did not meet the necessary limits that Fed.R.Civ.P. 60(b) imposes on collateral attacks on civil judgments and "now that more than a year has passed since the order was issued, it is doubtful, to say the least, that [appellant] could succeed in such an attack." Likewise, the court in *Pelican Homestead v. Wooten (In re Gabel),* 61 B.R. 661, 667 (Bankr. W.D. La. 1985), an opinion cited as justification in many subsequent opinions, as well as by the Trustee, held not that lack of objection constitutes consent, but that the party in that case objecting to the sale "is estopped to deny its implied consent at this late stage." In any case, as none of the opinions cited constitutes binding authority on this Court, I find that the holding and reasoning by the courts in *In re Roberts*, 249 B.R. 152 (Bankr. W.D. Mich. 2000) and *In re Decellis*, 349 B.R. 465 (Bankr. E.D. Virginia 2006) that consent for purposes of § 363(f)(2) requires <u>actual</u> consent is more persuasive. They held that "'consent' obligates the trustee to approach the lienholder and secure the lienholder's assent if the trustee wishes to sell the property free and clear of the lien." *Decellis* at 468. This Court adopts that interpretation of consent for purposes of § 363(f)(2). This is consistent with *Pac. Capital Corp. v. East Airport Dev., LLC (In re East Airport Dev., LLC),* 443 B.R. 823 (9th Cir. BAP 2011), wherein the court determined that a lack of objection did not constitute consent for purposes of § 363(f)(2), but nevertheless found that the sale was authorized under § 363(f)(5).

B. Section 363(f)(3):

The Bankruptcy Appellate Panel for the Ninth Circuit held in *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 41 (9th Cir. BAP 2008)[4] that "§ 363(f)(3) does not authorize the sale free and clear of a lienholder's interest if the price of the estate property is equal to or less than the <u>amount</u> of

---

[4] This Court has held that where the Ninth Circuit BAP has issued an opinion applicable to the facts before the bankruptcy court and there is no District Court opinion applicable from the district in which the bankruptcy court sits, the BAP's opinion will be binding on the bankruptcy court. *In re Tong Seng and Mai Yer Vue*, 364 B.R. 767, 771-72 (Bankr. D. Or. 2007).

MEMORANDUM OPINION-3

all <u>claims</u> held by creditors who hold a lien or security interest in the property being sold." (Emphasis added).

Because Bank of America has a claim in the amount of $178,835 which is secured by its lien against the property to be sold, a sale free and clear of its lien could not be authorized under § 363(f)(3) unless the sales price is greater than that amount.[5] Clearly, that is not the case.

C. Section 363(f)(5):

The panel in *Clear Channel* separated the requirements of this provision into three elements: "that (1) a proceeding exists or could be brought, in which (2) the nondebtor could be compelled to accept a money satisfaction of (3) its interest." *Id.* at 41. The court held that a consensual lien interest in real property is an interest subject to § 363(f)(5). The question thus became: "whether there is an available type or form of legal or equitable proceeding in which a court could compel [the lienholder] to release its lien for payment of an amount that was less than full value of [the lienholder's] claim." *Id*. at 45-46.

The Trustee urges the Court to adopt an expansive interpretation of § 363(f)(5) which would authorize a sale free and clear of Bank of America's lien if there exists a hypothetical proceeding which could be brought by any entity with a hypothetical interest in any property, by which the holder of an interest in that property could be compelled to accept a money satisfaction of its interest. As examples of such hypothetical proceedings, the Trustee offers the following:

---

[5] As disclosed earlier in this opinion, the buyer is paying not only the "gross sales price" of $68,500, but also the amount of $11,500 as a "Trustee Fee," to be paid directly to the Trustee upon consummation of the sale. The combined amount ($80,000) constitutes gross proceeds of the sale, thus validating the value of the property pursuant to Debtors' bankruptcy schedules. The gross proceeds are subject to Bank of America's lien. A portion of the proceeds cannot simply be re-labeled as a "Trustee Fee" or a "Buyer's Premium" in derogation of the rights of a secured creditor in the proceeds of its collateral. This is in contrast to the situation in *Clear Channel* in which the court held that available evidence indicated that the "carve out" obligation was "physically and logically isolated" from the buyer's obligation to pay the sales price and was not part of the "Strike Price" paid by the buyer. *Clear Channel* at 46-47.

MEMORANDUM OPINION-4

1) UCC 9-617 and 9-615[6] which involve the rights of a transferee in collateral and the application of proceeds of a sale. (These provisions, and the UCC generally, do not apply to a real property lien interest).

2) ORS Chapter 312 involving procedures by which real property tax liens may be foreclosed.

3) Foreclosure of construction liens and the like under ORS Chapter 87, including labor and material liens on chattel, innkeepers liens on chattels brought into the innkeeper's establishment, and landlord's liens on chattel.

4) Judicial and nonjudicial lien foreclosures on real property in which junior lienholders' interests may be extinguished.

5) Foreclosure of federal tax liens which extinguish junior lien interests.

6) Condemnation proceedings by a government in which entities with interests in property may be compelled to accept a money satisfaction of that interest.

The approach advocated by the Trustee, however, is not consistent with either the language of § 363(f)(5) or the analysis advanced in *Clear Channel*. The question is not whether there is a <u>hypothetical</u> proceeding by which a <u>hypothetical</u> interest in property may be extinguished, or the entity holding such interest may be compelled to accept a money satisfaction of its interest. Such an interpretation would in most cases make the other paragraphs of § 363(f) superfluous as the sale free and clear of nearly all property interests would satisfy the requirement of paragraph (5). Rather, the question is whether there is at least the possibility of an available "legal or equitable proceeding in which a court could compel [Bank of America] to release its lien for payment of an amount that [is] less than full value of [Bank of America's] claim." *Clear Channel* at 45-46. The Trustee may propose a foreclosure sale under Oregon law as just such a proceeding. However, there is no evidence that a foreclosure sale brought by the Trustee would produce the result he seeks. If a foreclosure sale were brought by the Trustee as a junior lien creditor,[7] the senior lien of Bank of America would not be extinguished by the foreclosure sale. Rather, the rights of a senior lienholder

---

[6] Codified in Oregon law at ORS 79.0617 and 79.0615.

[7] Pursuant to § 544(a)(1).

MEMORANDUM OPINION-5

are generally not affected by the foreclosure of a junior lien interest. *U.S. Nat. Bank of Portland v. Meyer,* 213 Or. 1, 15, 321 P.2d 1054 (1958) (citing *Giesy v. Aurora State Bank*, 122 Or. 1, 6, 256 P. 763 (1927)).

In *East Airport Dev.*, 443 B.R. 823, an order was entered by the bankruptcy court authorizing the debtor to sell individual lots free and clear of any lien rights possessed by the construction lender, upon payment of a release price allegedly negotiated by the parties prepetition. Surplus funds would be used by the debtor as cash collateral. Lender appealed. The BAP affirmed the order of the bankruptcy court on the basis that the sale was authorized under § 363(f)(5). It held that the debtor in that case could bring an action for specific performance (an available equitable proceeding) by which the lender could be compelled to accept less than the full amount of its claim (i.e. the negotiated release price).

In a situation similar to the one in the *East Airport Dev.* case, in which the debtor proposed to sell five lots in a subdivision free and clear of the liens of secured creditors, the bankruptcy court denied debtor's motion under § 363(f)(5). *CDKP Development*, 2012 WL 5993219. The court held that the secured creditor for which there was no release fee agreement could not be compelled in a specific performance action (nor, presumably, in any other sort of action) to release its lien.

As the cases discussed above illustrate, and as the court in *Clear Channel* stated, the narrow view of § 363(f)(5) "leads to a relatively small role for paragraph (5). . . . So long as its breadth complements the other four paragraphs consistent with congressional intent, without overlap, our narrow view is justified." *Clear Channel* at 43.

As the Trustee has not directed the Court to a specific <u>available</u> proceeding by which a court could compel Bank of America to release its lien for payment of an amount that is less than the full amount of its claim, a sale free and clear of Bank of America's lien cannot be authorized under § 363(f)(5).

// // //
// // //
// // //
// // //
// // //

MEMORANDUM OPINION-6

## CONCLUSION

Based on the foregoing, the Trustee's motion for authority to sell real property free and clear of liens will be denied. An order will be entered by the Court consistent with this Memorandum Opinion.

*[signature]*

FRANK R. ALLEY, III
Chief Bankruptcy Judge

MEMORANDUM OPINION-7